---

In the Matter of the Judicial Settlement of the Accounts of JANE A. MAY, Executress, etc., of VASHTI ACKER, Deceased.

*Supreme Court, Fifth Department, General Term, June 22, 1889.*

1. *Surrogate. Power.*—The surrogate, after the transference of the case to the general term by an appeal, has no power to open the decree, and send the issues back to the referee to take further testimony, or for the settlement of the decree.

2. *Appeal. Stipulation.*—The general term, where the respondent tenders a stipulation to resubmit the matter to the surrogate, if the appellant will withdraw his appeal, which the appellant declined will not, under its discretionary power, reverse the order, or grant the motion as an original application.

Appeal from an order of the surrogate, denying the application to open a decree settling the accounts, and to send the issues back to the referee to take further testimony.

*H. H. Woodward*, for the executrix, appellant.

*Ivan Powers*, for the contestants of the accounts, and guardian *ad litem*, for certain infants, respondents.

PER CURIAM.—The report of the referee, to whom had been referred the settlement of the accounts of the executrix, was confirmed by the surrogate, except in regard to the fourth conclusion of law, relating to the application of the statute of limitations to the interest of certain persons not necessarily now to be considered; and a decree was thereupon entered accordingly. From this decree the executrix has appeal to this court, but the merits of such appeal are not before us. After the perfecting of such appeal, the motion was made before the surrogate, as above stated. The surrogate denied the motion, among other grounds, for the reason that the case having been taken out of his court by appeal, he had no power to entertain such a motion. In this decision we concur with him. After the transference of the case to this court, the surrogate had no power to proceed upon any matter contained in the record so transferred. Notwithstanding such appeal, however, the counsel for the respondents tendered a stipulation, after the surrogate had indicated his want of power to proceed upon the motion, to the effect that if the appellant would withdraw the appeal, the case might be resubmitted to the surrogate with power to make any changes which he saw fit therein. This was declined by the appellant.

Under the sixth subdivision of section 2481 of the Code of Civil Procedure, "upon an appeal from a determination of the surrogate, made upon an application pursuant to this subdivision, the general term of the supreme court has the same power as the surrogate; and his determination must be reviewed as if an original application was made to that term." We do not, under the discretionary power so given us, feel disposed to grant the application either to reverse the surrogate's order, or to grant the motion as an original

application to us, inasmuch as the appellant voluntarily refused, under the stipulation already mentioned, to permit the surrogate to pass upon the questions raised, reserving to ourselves, for further consideration, any question which may arise upon the appeal from the decree entered upon the report of the referee.

The order appealed from should be affirmed, with ten dollars costs and disbursements, and the application denied.

All concur.